# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL HARRISON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FLORES, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00525-DAD-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO FIND DEFENSE COUNSEL IN CONTEMPT AND FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 45) |

This case is scheduled for a settlement conference on July 10, 2019. (Doc. 41.) As a precursor, the Court required the parties to initiate settlement discussions among themselves. (*Id.*) On June 19, 2019, Plaintiff filed a motion in which he seeks to have defense counsel held in contempt and replaced, that a new settlement conference thereafter be scheduled, and that counsel be appointed to represent him. (Doc. 45.) For the reasons discussed below, Plaintiff's motion is **DENIED**.

**I.　CONTEMPT OF COURT**

Where, as here, the relief sought involves neither punitive nor criminal contempt to punish or vindicate the Court, but rather compulsory and compensatory sanctions, to compel a party to comply or to compensate a party for another's lack of compliance, then the proceeding is for civil contempt. *See, United States v. Asay*, 614 F.2d 655, 659 (9th Cir. 1980); *Shillitani v. United States*, 384 U.S. 364, 369-70 (1966).

The elements required for civil contempt include a specific and definite court order and a failure to comply with the order, which consists of not taking all the reasonable steps within one's power to insure compliance with the order. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949); *Balla v. Idaho State Bd. Of Corrections*, 869 F.2d 461, (9th Cir. 1989). Willfulness is not a required element of civil contempt, and the absence of willfulness does not relieve one from a civil contempt. *McComb*, 336 U.S. at 191; *United States v. Asay*, 614 F.2d at 661. A petitioner for contempt has the burden of proving a prima facie case by clear and convincing proof. *Balla v. Idaho State Bd. Of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989). Legal defenses to civil contempt include substantial compliance with the order, defined as having taken all reasonable steps to comply with the court order. *Balla*, 869 F.2d at 466.

The Court has read Defendants' confidential settlement conference statement and it appears that defense counsel complied with the Court's orders. The fact that Plaintiff and defense counsel disagree as to the proper settlement, does not provide basis to find contempt. If that were so, all actions which do not settle would subject one side or the other to contempt proceedings, which would be unreasonable and impracticable. Further, any failure on the part of either side to submit a meaningful settlement offer will be cured at the time of the settlement conference.

**II.     APPOINTMENT OF COUNSEL**

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if the Court assumes that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases daily. Further, at this early stage in the proceedings, the Court cannot determine that Plaintiff is likely to succeed on the merits and, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id.*

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion (Doc. 45) is **DENIED**.

IT IS SO ORDERED.

Dated: **June 28, 2019**   /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE