UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL HARRISON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RODREGUEZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00525-DAD-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE VOLUNTARY DISMISSAL OR ENFORCE SETTLEMENT AGREEMENT**<br><br>(Doc. 54) |

　　　　Before the Court is Plaintiff's motion to vacate the parties' voluntary dismissal of this matter or enforce the parties' settlement agreement. (Doc. 54.) For the reasons set forth below, the Court denies the motion.

**I.　PROCEDURAL HISTORY**

　　　　The parties participated in a settlement conference before the undersigned on July 10, 2019. (Doc. 48.) At the conference, the parties reached a settlement and placed the terms of their agreement on the record. (*Id.*) On July 12, 2019, the Court issued an order restating the terms of the settlement agreement that were placed on the record. (Doc. 49.)

　　　　On August 1, 2019, the parties filed a stipulation for voluntary dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) (Doc. 52), which terminated this case by operation of law, *see Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1078 (9th Cir. 1999). The Court issued an order closing this case on August 5, 2019. (Doc. 53.)

On June 15, 2020, Plaintiff filed the present motion. (Doc. 54.) Defendants filed an opposition on July 8, 2020. (Doc. 55.) Plaintiff filed two replies to the opposition on July 27 and August 3, 2020. (Docs. 56-57.) Although Defendants' opposition was untimely, and Plaintiff's second reply was untimely and unauthorized, *see* Local Rule 230(l), the Court considers each of the parties' filings.

## II.  PLAINTIFF'S MOTION

According to the terms of the parties' settlement agreement, Defendants agreed to pay Plaintiff $2,750 and provide him a number of items from the prison's inventory of confiscated or abandoned property. (Doc. 49 at 1-2; Doc. 55-1 at 5-6.) In his motion, Plaintiff states that he received two settlement checks covering the $2,750 on January 15, 2020. (Doc. 54 at 2.) He alleges that Defendants improperly charged him fees against these settlement proceeds and "tried to cover up these charges by refusing to alert Plaintiff of his settlement checks['] arrival, … in breach of the settlement agreement." (*Id.* at 1.) $2,200 of the settlement proceeds went to restitution fees, $104.76 went to administrative costs, $50 covered the costs of legal materials, $49 covered the costs of a damaged mattress, and $440 went to filings fees for cases in which Plaintiff proceeded *in forma pauperis*. (*Id.* at 2-3, 6-7.)

Plaintiff contends the settlement agreement was unlawful "because it was based on misinformation which made Plaintiff unable to come to an intelligent" decision. (*Id.* at 3.) He states that he was never "told that he would have to pay $110… for each federal case he owed on, and that he could be liable … to pay old legal copy costs, mattress fee." (*Id.*) Plaintiff also contends that the *in forma pauperis* statute is unconstitutionally vague. (*Id.*) He argues that he "should have only been charged 20 percent of his settlement check[s]," instead of being charged $110 for each of the four cases for which he owed a filing fee. (*Id.* at 4, 5.)

Plaintiff also alleges that he reached an agreement with defense counsel that, after his outstanding restitution obligations were deducted, the remainder of his settlement proceeds would be sent to an outside party instead of deposited into his inmate trust account. (Doc. 56 at 2, 3; Doc. 57 at 1). Lastly, Plaintiff alleges that his "medical conditions made him incapable of competently handling a settlement process." (Doc. 54 at 4, 5.)

### III. DISCUSSION

Plaintiff requests a new settlement hearing or, in the alternative, an additional $2,000 from Defendants. (Doc. 54 at 5.) The Court construes this request as either (1) a motion for relief from a final order or proceeding pursuant to Federal Rule of Civil Procedure 60, i.e., a motion to vacate the parties' voluntary dismissal and reopen this case, or (2) a motion to enforce the settlement agreement.

#### a. Motion for Relief from a Final Order or Proceeding

Under Federal Rule of Civil Procedure 60, "the court may relieve a party … from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; . . . or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).

The Court finds no justification for relief based on any of the enumerated grounds. Plaintiff contends that Defendants committed fraud or misconduct by charging him costs and fees against his settlement proceeds (Doc. 54 at 1), but there is no evidence of this. At the settlement conference, "plaintiff acknowledged on the record that [his settlement of $2,750] will be reduced by deductions to cover restitution balances, other financial obligations 'on the books' of the CDCR for plaintiff and to cover administrative fees and costs." (Doc. 49 at 2.) The Court reiterated this acknowledgement in the order it served on Plaintiff after the settlement conference. (*Id.*) Moreover, the settlement agreement itself provides that CDCR would deduct from Plaintiff's settlement proceeds "any amounts owed … under a restitution fine or order, including any administrative fees related to such amounts."[1] (Doc. 55-1 at 4.)

Additionally, none of the terms stated on the record provided that Defendants would notify Plaintiff when they deposited his settlement checks, or that the balance of his settlement proceeds after restitution obligations were deducted would be sent to an outside party. (*See* Doc. 49). And no such terms are provided in the settlement agreement itself. (*See* Doc. 55-1.) Rather,

---

[1] CDCR deducted an administrative fee of 5 percent of the restitution payment of $ 2,095.24, which equals $104.76. (Doc. 54 at 6; Doc. 55-2 at 2.) The deduction of the administrative fee and the fee amount comport with state law. *See* Cal. Penal Code § 2085.8(c).

3

the settlement agreement states, "[i]f the settlement amount exceeds the restitution amounts and fees, the excess balance shall be made by check to Plaintiff's inmate trust account." (*Id.* at 5.) Plaintiff's contention that he settled this case based on fraud or misinformation is therefore not supported by the record.

Plaintiff also provides no evidence that his medical condition or medications made him incapable of competently participating in the settlement conference, aside from his self-serving statement to the contrary. Plaintiff attaches documents to his motion regarding his immunization history, medical conditions, prescribed medications, and medical and dental appointments, as well as educational materials on cirrhosis. (Doc. 54 at 10-21.) None of these documents provide evidence that Plaintiff was incompetent to participate in the settlement conference on July 10, 2019. For example, the medications listed in the records were all prescribed in December 2019 or later. (*See id.* at 11-13.)

Moreover, as stated above, the Court issued an order that provided Plaintiff with the key terms of the parties' agreement before he signed the stipulation for voluntary dismissal on July 26, 2019. (*See* Docs. 49, 52.) At no point did Plaintiff assert that he was incapable of making an informed settlement decision due to any medical condition or medications, that is, until he filed the present motion a year later challenging the charges to his inmate trust account.

Plaintiff also contests the withdrawal of filing fee payments from his trust account for the cases in which he proceeded *in forma pauperis*. (Doc. 54 at 4, 5.) As an initial matter, the filing fee obligations and payment amounts are mandatory. *See, e.g.*, *Soares v. Paramo*, No. 3:13-cv-02971-BTM-RBB, 2018 WL 5962728, at *2 (S.D. Cal. 2018); *Cartwright v. Sparks*, No. 1:94-cv-06044-AWI, 2012 WL 394175, at *1 (E.D. Cal. 2012); *Adams v. Maricopa Cty. Sheriff's Office*, No. 2:10-cv-01558-PHX-RCB, 2010 WL 4269528, at *1-2 (D. Ariz. 2010). The *in forma pauperis* statute provides that prisoners "*shall* be required to pay the full amount of a filing fee," and the "court *shall* assess and … collect … an initial partial filing fee of 20 percent" of the average monthly deposits or average monthly balance in the prisoner's trust account. 28 U.S.C. § 1915(b)(1) (emphasis added). Additionally, "the prisoner *shall* be required to make monthly payments of 20 percent of the preceding month's income." *Id.* § 1915(b)(2) (emphasis added).

4

1   The Court does not find that the *in forma pauperis* statute is unconstitutional vague with respect to payment amounts. As described above, the statute is specific. The Supreme Court has also addressed whether filing fees from multiple cases should be assessed against an inmate sequentially or simultaneously pursuant to section 1915(b). In *Bruce v. Samuels*, the plaintiff "had previously incurred filing-fee obligations in other cases and maintained that the monthly filing-fee payments for [the present] case [sh]ould not become due until those prior obligations were satisfied." 136 S. Ct. 627, 630-31 (2016). The Supreme Court disagreed, holding that the plaintiff must make the monthly filing-fee payments in the latter case simultaneously, not sequentially, with such payments in the earlier-filed cases. *Id.* at 631.

Accordingly, when the prison withdrew funds from Plaintiff's inmate trust account to pay his outstanding filing fees (which it did on February 1, 2020), it deducted exactly 20 percent of his income from the preceding month (i.e., Plaintiff's settlement proceeds *after* his restitution fine and the related administrative fee were deducted, which equaled $550) for *each* of the four cases in which he owed the filing fee (i.e., $110 for each case). (*See* Doc. 54 at 6; Doc. 55-2 at 2-3.) This comports with section 1915(b) and the Supreme Court's interpretation of the statute.

Based on the above, the Court does not find that Defendants committed any fraud, misrepresentation, or other misconduct that would warrant vacating the parties' voluntary dismissal or the Court's order closing this case. *Cf. Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162*, 937 F.2d 408, 410-11 (9th Cir. 1991) ("repudiation … or 'complete frustration'" of the parties' settlement agreement provided justification for "vacating the court's … dismissal order" pursuant to Rule 60(b)). The Court therefore denies Plaintiff's motion to vacate the dismissal and reopen this case.

### b. Motion to Enforce the Settlement Agreement

Defendants argue that "this Court no longer has jurisdiction of this case, and any dispute Plaintiff may have with the settlement amount and restitution deduction, or with amounts that were deducted from his inmate trust account thereafter, must be brought by way of a new action in a court of proper jurisdiction." (Doc. 55 at 1-2.) The Court agrees.

///

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) "Federal courts have no inherent power to enforce settlement agreements entered into by parties litigating before them." *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014) (internal quotation marks and citations omitted). "Rather, courts have ancillary jurisdiction to enforce a settlement agreement only 'if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Id.* (quoting *Kokkonen*, 511 U.S. at 381).

The parties filed a stipulation of voluntary dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. 52.) Neither Rule 41 "nor any provision of law provides for jurisdiction of the court over disputes arising out of [the] agreement that produce[d] the stipulation." *Kokkonen*, 511 U.S. at 378. Moreover, the Court did not "embody the settlement contract in its dismissal order or … retain jurisdiction over the settlement contract." *Id.* at 381-82. The Court also does not find an independent basis for federal jurisdiction, such as those provided in Rule 60(b), as described in subsection a, *supra*. Consequently, any disputes regarding the settlement agreement are essentially contract disputes. *Id.* at 381. Plaintiff's claims regarding any alleged breach of the parties' contract, i.e., the settlement agreement, must be raised in a new action in state court.

## IV.  CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's motion to vacate the parties' voluntary dismissal or enforce their settlement agreement (Doc. 54). This case remains closed and no further filings will be accepted.

IT IS SO ORDERED.

Dated: __August 7, 2020__                       ___/s/ Jennifer L. Thurston___
                                                           UNITED STATES MAGISTRATE JUDGE